IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALATIEL LOPEZ MARTINEZ, MARCO ALVAREZ MARTINEZ, ADALIA RODRIGUEZ LOPEZ, AND YENIFER RIZO, | § § § § | |
| *Plaintiffs*, | § § | Case No. 1:21-CV-00652-LY |
| v. | § § | |
| J BERKMAN RESTAURANT LLC; PR HOLDINGS LP; PR HOLDINGS GP, LLC; AND GERARDO VILLA BERNAL, | § § § § § | |
| *Defendants*. | § § § | |

**DEFENDANTS J BERKMAN RESTAURANT LLC, PR HOLDINGS LP,
AND PR HOLDINGS GP, LLC'S MOTION TO DISMISS
PLAINTIFFS' ORIGINAL COMPLAINT**

Defendants J Berkman Restaurant LLC, PR Holdings LP and PR Holdings GP, LLC (collectively, "Defendants") hereby move to dismiss the Original Complaint (the "Complaint") filed by Plaintiffs Salatiel Lopez Martinez, Marco Alvarez Martinez, Adalia Rodriguez Lopez, and Yenifer Rizo (collectively, "Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully state as follows:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed this lawsuit against Defendants alleging that Defendants willfully failed to pay Plaintiffs for hours they worked, including overtime hours, in violation of the Fair Labor Standards Act ("FLSA") and Texas state law. (Compl. at ¶ 19). However, Plaintiffs fail to plead sufficient factual allegations to state plausible claims for relief against Defendants J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC under the FLSA or Texas law. Specifically, the Complaint: (1) fails to allocate responsibility among any of the Defendants for the alleged failure to pay wages; (2)

fails to adequately allege that Defendants were Plaintiffs' "employers" or "joint employers" and therefore subject to FLSA liability; and (3) fails to adequately allege any claims against Defendants under Texas law.

## II.    PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that between approximately July 2018 and September 2020, they were employed by "Defendants" to perform "various kitchen work and front-of-house responsibilities for a Mesquite-grilled chicken restaurant known as Pollo Regio" in Austin, Texas and that they "regularly worked more than 40 hours per week for Defendants, and Defendants deliberately paid Plaintiffs for fewer hours than they worked each week." (Compl. at p. 1). Plaintiffs further allege that "[t]hroughout the relevant period of this lawsuit, Defendants systematically only paid Plaintiffs for a portion of their hours actually worked" and identify "[n]on-exhaustive illustrative examples" of overtime and "straight time" for which they allegedly worked but were not compensated. (*Id.* at ¶ 19). Plaintiffs assert an FLSA claim for the alleged unpaid overtime (Count I) and claims "for their unpaid gap time hours in any weeks in which they worked fewer than 40" under Texas law (Count II). (*Id.* at ¶¶ 32–40).

Notably, the Complaint fails to specify which Defendant actually employed, supervised, or compensated Plaintiffs at any given time, and consistently refers to "Defendants" collectively. The only allegations specific to J Berkman Restaurant LLC in the Complaint are that during part of the "relevant period," Plaintiffs "usually received checks" from that entity, which Plaintiffs allege was formed in 2017. (*Id.* at ¶¶ 22–24). The only allegations specific to PR Holdings LP in the Complaint are that "[o]n one or more occasions, at least one Plaintiff (Ms. Rizo) was paid by PR Holdings LP" and "[a]t all times relevant to this action, Hector J. Rodriguez has been the sole corporate officer of Defendants J Berkman Restaurant LLC and PR Holdings LP." (*Id.* at ¶¶ 22, 25). The remaining allegations in the Complaint regarding PR Holdings LP are aimed at attempting to establish that J

Berkman Restaurant LLC and PR Holdings LP were Plaintiffs' "joint employers within the meaning of the FLSA" because they allegedly: (1) "directly or indirectly codetermined the essential terms and conditions of each restaurant worker's employment"; (2) "possessed and exercised the power to hire and fire employees, and supervise and control employee work schedules and conditions of employment," and (3) "exercised control over [their] rates and method of payment, and maintained employee pay and time records," as evidenced by "their issue of paychecks to Plaintiffs and other employees during the relevant time period." (*Id.* at ¶ 29).

The allegations in the Complaint regarding PR Holdings GP, LLC are even more sparse. The <u>only</u> allegation in the Complaint specific to PR Holdings GP, LLC is that it is "the general partner of Defendant PR Holdings LP and is thus jointly and severally liable for the claims at issue pursuant to Tex. Bus. Org. Code § 153.152(b), and is a proper party in this action pursuant to Tex. Bus. Org. Code § 152.305." (*Id.* at ¶ 31). Unlike PR Holdings LP, Plaintiffs do not even attempt to allege that PR Holdings GP, LLC was their employer or joint employer at any time.

The Court should dismiss Plaintiffs' Complaint as to Defendants J Berkman Restaurant LLC, PR Holdings LP, and PR Holdings GP, LLC because it: (1) fails to allocate alleged responsibility among the Defendants; (2) improperly makes only a formulaic and conclusory recitation of the elements of the economic realities test in an effort to establish that Defendants were Plaintiffs' employers and/or joint employers; (3) contains <u>no</u> factual allegations whatsoever that PR Holdings GP, LLC was Plaintiffs' employer and/or joint employer; and (4) contains no factual allegations to support any of the state law claims asserted against Defendants.

### III.   ARGUMENT AND AUTHORITIES

**A.   LEGAL STANDARD.**

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); FED. R. CIV. P. 12(b)(6). Factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.*

This burden is not met by "labels and conclusions, [or] a formulaic recitation of the elements of a cause of action" or by "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557 (citations omitted). Stated differently, "[d]ismissal is appropriate when the plaintiff fails to allege 'enough facts to state a claim that is plausible on its face.'" *Proft v. Wilson Sys., Inc.*, 217 F. Supp. 3d 946, 948 (W.D. Tex. 2016) (citing *Twombly*, 550 U.S. at 555 and *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010)). "Additionally, "[m]ere compliance with Rule 8 does not itself immunize the complaint against a motion to dismiss" because while "Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading . . . it does not specify the conditions of its substantive adequacy, that is, its legal merit." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017).

**B.   PLAINTIFFS' COMPLAINT DOES NOT PLEAD SUFFICIENT FACTS THAT DEFENDANTS WERE THEIR "EMPLOYERS" AND/OR "JOINT EMPLOYERS" UNDER THE FLSA.**

Liability under the FLSA is predicated on the existence of an employer-employee relationship. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2013); 29 U.S.C. § 206(a). Under the FLSA, "employer"

is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Here, the Complaint refers to J Berkman Restaurant LLC, PR Holdings LP, PR Holdings GP, LLC, and Gerardo Villa Bernal collectively throughout as "Defendants." (*See, e.g.*, Compl. at ¶¶ 19–20, 28–31). But it is not enough to allege, in a conclusory or collective manner, that several defendants are the plaintiff's "employer" for FLSA purposes. Instead, "in cases where a plaintiff seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Womack v. Superior Energy Servs – N. Am. Servs., Inc.*, No. 19-CV-00074-DC-RCG, 2019 WL 7761428, at *2 (W.D. Tex. Oct. 21, 2019) (citing *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010)). District courts, including this Court, regularly hold that Rule 12(b)(6) dismissal is proper when an FLSA complaint merely makes a conclusory statement, with no factual support, that a defendant "employed" or "jointly employed" the plaintiff. *See Joaquin v. Coliseum Inc.*, No. A-2016 WL 7647630, at *8 (W.D. Tex. July 13, 2016), *report and recommendation approved sub nom. Joaquin v. Hinojosa*, No. A-15-CV-787-LY, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016) (Yeakel, J.) (finding that "[p]laintiffs in this case fail to plead any facts regarding their individual employment relationships with each Defendant employer sufficient to withstand a motion to dismiss" and dismissing FLSA claim pled against multiple defendants); *Kaminski*, 2010 WL 4817057, at *2 (granting motion to dismiss complaint with leave to amend to clarify the factual basis for a finding of employer/joint employer status against multiple defendants).

The Fifth Circuit uses the "economic realities" test to determine whether an entity qualifies as an "employer" under the FLSA. *Gray*, 673 F.3d at 354–55. Under the economic realities test, a court must consider whether <u>each</u> of the alleged employers: "(1) possessed the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Although an entity's status as an employer under the FLSA is a question of law, "a party must plead at least an employment relationship with each employer before the issue of joint employment may be determined." *Joaquin*, 2016 WL 3906820, at *2–3. Every element need not always be present, but the complaint must allege that each "employer" had control over at least certain aspects of the alleged employment relationship to avoid dismissal. *See Gray*, 673 F.3d at 357. In particular, the complaint must allege "factual allegations as to how the events that give rise to this lawsuit were allocated [among] the [various] defendants" as well as "how [the plaintiff's] employment was handled generally." *Joaquin*, 2016 WL 3906820, at *8 (citing *Escobedo v. Metal Protective Coating Profs., Inc.*, No. 4:13-CV-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013)).

Plaintiffs' Complaint fails to allege sufficient facts to support a conclusion that J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC were Plaintiffs' employers or joint employers for FLSA purposes. Instead, the Complaint repeatedly lumps these entities together with generalized allegations that fail to fairly inform any of them of their alleged role as an FLSA employer and/or joint employer and the basis for the claims being asserted against them.[1]

---

[1] It is well settled that "lumping" defendants together fails to satisfy Rule 8's pleading standards. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy th[e] minimum standard" under Rule 8); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (recognizing that "[a] complaint does not satisfy the elements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct"); *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273–74 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012) (where a plaintiff lumps "together [d]efendants without differentiation or some sort of description of actions that could provide fair notice of the basis for the claims against them, the claims against [them] are insufficiently pled").

1.    *Plaintiffs' Complaint Fails to Allocate Responsibility Among the Defendants.*

The Complaint conspicuously fails to identify which defendant Plaintiffs actually worked for at any point during the "relevant period"—J Berkman Restaurant LLC, PR Holdings LP, PR Holdings GP, LLC, or Gerardo Villa Bernal. Instead, the Complaint repeatedly makes general allegations against the "Defendants" without providing any well pled factual allegations regarding which entity hired them, supervised them, controlled their schedules, determined their rates and method of payment, issued their paychecks, calculated their hours, and/or maintained their employment records. *See, e.g.*, *Escobedo*, 2013 WL 6504675, at *2 (dismissing FLSA claim because plaintiff failed to provide "any factual allegations as to which Defendant did what," "who forced him to work in excess of forty hours per week," "how his employment was handled generally," "who hired him or had the ability to fire him, who supervised and controlled his schedule and day-to-day duties, who determined what, how, and when he was paid and the like").

Instead, like the complaint in *Joaquin v. Coliseum Inc.*, Plaintiffs' Complaint simply "skip[s] to the portion of the inquiry focusing on the employers' relationship to each other, without pleading actual employment by the various Defendants sufficient to qualify them as 'joint employers'" in the first place. 2016 WL 3906820, at *7. For example, aside from alleging that the Plaintiffs received paychecks from J Berkman Restaurant LLC and one Plaintiff received a paycheck from PR Holdings LP, the Complaint only states that each of the Plaintiffs "worked . . . at the Berkman Pollo Regio location" and, during the "relevant period," "<u>Defendants</u> systematically only paid [them] for a portion of their hours actually worked," and "<u>Defendants</u> failed to maintain complete and accurate records of Plaintiffs' hours worked." (Compl. at ¶¶ 15–22). As such, the Complaint "not only lacks factual allegations as to how the events that give rise to this lawsuit were allocated [among] the [four] Defendants . . . but also fails to describe how [Plaintiffs'] employment was handled generally." *Escobedo*, 2013 WL 6504675, at *2.

7

Without more, the Court cannot infer, even at this stage, that J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC were Plaintiffs' employer for purposes of an FLSA violation. *Id.*[2] The Complaint's global allegations against "Defendants" collectively are insufficient. *See, e.g.*, *Joaquin*, 2016 WL 3906820, at *7–8 (dismissing FLSA claims against all defendants except one because "[t]he complaint fail[ed] to plead facts on an individualized basis for each plaintiff, with information about what entities issued their paychecks, where (if anywhere) each plaintiff worked in addition to [the only properly pled employer], what hours the plaintiffs worked, how their hours were calculated, in what capacity the plaintiffs worked, what entities maintained employment records, and what entities possessed the power to hire and fire employees.").

2. ***The Complaint's Recitation of Economic Realities Test Factors Without Specific Factual Allegations Is Insufficient to Adequately Plead that Defendants J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC Were Their Employers and/or Joint Employers.***

The Complaint does not contain sufficient factual allegations to support the legal conclusion that J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC were Plaintiffs' employers or joint employers within the meaning of the FLSA. The only allegations specific to J Berkman Restaurant LLC in the Complaint are that during part of the "relevant period," Plaintiffs "usually received checks" from that entity and the entity was formed in 2017. (Compl. at ¶¶ 22–24). The only allegations in the Complaint specific to PR Holdings LP are that "[o]n one or more occasions, at least one Plaintiff (Ms. Rizo) was paid by PR Holdings LP" and that "[a]t all times relevant to this action,

---

[2] *See also Cooke v. Jaspers*, No. H-07-3921, 2010 WL 918342, at *6 (S.D. Tex. Mar. 10, 2010) (dismissing claims against alleged joint employer and holding that "global allegations against the 'defendants'" failed to put specific defendant on notice of basis for plaintiffs' assertion of joint employer liability); *Gill v. Bennett*, No. 4:17-CV-00611-O-BP, 2018 WL 1663287, at *4 (N.D. Tex. Apr. 6, 2018) (dismissing FLSA claim against co-defendant where the plaintiff "offered no particularized characteristics of [that defendant's] connection to [p]laintiff, in whether they: played a role in his hiring; had the ability to fire him; supervised him; controlled his schedule and duties; and had authority to determine what, how, or when he was paid").

Hector J. Rodriguez has been the sole corporate officer of Defendants J Berkman Restaurant LLC and PR Holdings LP." (*Id.* at ¶¶ 22, 25).

Even accepting these allegations as true as the Court must do at this stage, they do not plausibly allege that J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC were Plaintiffs' employer. Instead, Plaintiffs merely recite the factors of the economic realities test without providing any specific factual allegations to support the conclusions asserted. (*Id.* at ¶ 29). The Complaint does not contain <u>any</u> facts related to Plaintiffs' specific roles and duties for J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC or the actual methods that these entities allegedly used to control Plaintiffs' hours, wages, or other terms and conditions of employment. Indeed, as discussed *supra*, the Complaint does not even allege <u>which</u> entity employed Plaintiffs at any given time, let alone contain any factual allegations regarding each entity's purported role in controlling the terms of that unspecified employment relationship. Where, as here, the allegations in the Complaint do nothing more than recite the legal factors that a court must consider in determining whether a defendant is an employer under the FLSA, they are inadequate to state a claim. *See Gray*, 673 F.3d at 355 ("Mere conclusory allegations and inferences are not sufficient to prove the required linkage" under the joint employment theory).

Plaintiffs' allegations are nearly identical to those found insufficient to state a plausible FLSA claim in *Carranza v. Cirlos*, No. 2:18-CV-419, 2019 WL 10734064 (S.D. Tex. May 29, 2019). In *Carranza*, the plaintiffs alleged a defendant was a joint employer under the FLSA because he "employed Plaintiffs," "maintained control, oversight, and direction over operations," "maintained and exercised the power to hire, fire, and discipline Plaintiffs," "set policies and procedures for the work place," "independently exercised control over the work performed," "determined wages, the worked to be performed by Plaintiffs, locations of where they would work, and the hours and conditions of

employment," "maintained employment records," and "possessed and exercised the power to hire, fire, and discipline Plaintiffs." *Id.* at *2. The court found these allegations to be wholly insufficient under *Iqbal* and *Twombly* because they were "conclusory, devoid of any specific, supporting facts to show that [the alleged joint employer] had operating control as an 'employer.'" *Id.* The court further held that the plaintiffs had "merely restate[d] the factors of the economic realities test" and explained that "[f]ormulaic recitations are not entitled to an assumption of truth." *Id.* (citing *Iqbal*, 556 U.S. at 678).[3] Plaintiffs' FLSA claim against J Berkman Restaurant LLC, PR Holdings LP, and PR Holdings GP, LLC should be dismissed on this basis.

### 3. *Allegations of PR Holdings GP, LLC Status as a General Partner are Insufficient to Establish that the Entity Was Plaintiffs' Employer and/or Joint Employer.*

The <u>only</u> allegation specific to PR Holdings GP, LLC in the Complaint is the legal conclusion that PR Holdings GP, LLC is "the general partner of Defendant PR Holdings LP and is thus jointly and severally liable for the claims at issue pursuant to Tex. Bus. Org. Code § 153.152(b), and is a

---

[3] *See also, e.g.*, *Barnes v. Gracia Mexican Kitchen, LLC*, 2:18-CV-140, 2018 WL 7681051, at *3 (S.D. Tex. Dec. 4, 2018) (granting motion to dismiss defendant from FLSA claim because "there are merely threadbare recitals of the elements of the economic reality test and conclusory statements without providing facts in support which is insufficient"); *Ho v. Xpress Pho, LLC*, No. 3:14-CV-0533-B, 2015 WL 1810339, at *4 (N.D. Tex. Apr. 20, 2015) (allegation that defendant was FLSA employer because he "was substantially in control of the terms and conditions of the Plaintiff's work" insufficient to survive motion to dismiss because it was "conclusory" and "merely echoe[d] the FLSA's definition of an employer"); *Joaquin*, 2016 WL 3906820, at *4 (granting motion to dismiss FLSA claim because "[w]hile plaintiffs plead that '[defendant] determined the Plaintiffs' . . . rate and method of payment and controlled their working conditions,' "these are conclusory allegations"); *Trevino v. RDL Energy Servs., LP*, No. H-14-1936, 2016 WL 11477431, at *26 (S.D. Tex. July 21, 2016) (allegations that defendants "controlled the means of the work, provided the tools for the work, trained [plaintiff] on [his] job duties, [and] supervised his job duties" provided "no evidence of nor factual support for claims a common management or single policy, plan, or practice among the[] alleged joint employers but only general, blanket assertions"); *Henson v. Young 3, LLC*, No. 3:14-CV-905-B, 2015 WL 356890, at *3 (N.D. Tex. Jan. 28, 2015) (granting motion to dismiss FLSA claim where complaint "merely echoe[d] the FLSA's definition of an employer, stating in conclusory fashion that [defendant] was an employer because he 'acted directly or indirectly in the interest of [another defendant] in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work'").

proper party in this action pursuant to Tex. Bus. Org. Code § 152.305." (Compl. at ¶ 31). Unlike J Berkman Restaurant LLC or PR Holdings LP, Plaintiffs do not even attempt to allege PR Holdings GP, LLC was their employer and/or joint employer. Instead, Plaintiffs assert an FLSA claim against PR Holdings GP, LLC based solely on the allegation that it is the general partner of PR Holdings LP.

Texas courts have explained that even though a general partner may be liable for the debts of a limited partnership of which it is a member, that does not make the general partner an employer for purposes of the FLSA. In *Gil v. De Laune Drilling Service, Ltd.*, the plaintiff sued multiple entities, alleging he was entitled to unpaid overtime from each entity under the FLSA. No. 2:16-CV-71, 2016 WL 5394261 (S.D. Tex. Sept. 27, 2016). One of the defendants was the general partner of a limited partnership, who was also named as a defendant. The court rejected the plaintiffs' argument that the entity's status as general partner of the limited partnership made it an FLSA employer as a matter of law based on Tex. Bus. Org. Code § 153.152. The court explained that "[t]he general partner's liability to the limited partners or partnership [was] not helpful to Plaintiffs" for purposes of establishing that the general partner was an employer under the FLSA because "[h]aving the liabilities of the partnership is not equivalent to sharing the status of employer such that there are two employers against which to assess damages." *Id.* at *1. The court further held that the plaintiffs had not provided sufficient evidence that the general partner had "engaged in functions that satisfy the economic realities test." *Id.* Like *Gil,* PR Holdings GP, LLC's status as a general partner of PR Holdings LLC does not render it Plaintiffs' employer under the FLSA. Because Plaintiffs' Complaint is devoid of any other allegations to establish that PR Holdings GP, LLC was their employer, its claims against that entity should be dismissed.

**C.    PLAINTIFFS' COMPLAINT DOES NOT ADEQUATELY PLEAD ANY STATE LAW CLAIMS.**

Plaintiffs allege that Defendants' alleged failure to compensate them for their "unpaid gap time hours in any weeks in which they worked fewer than 40 [hours]" gives rise to claims under Texas law for: (1) breach of contract; (2) quantum meruit; (3) promissory estoppel; or (4) money had and

received. (Compl. at ¶ 35). However, the Complaint only asserts a formulaic and conclusory recitation of the elements of each of these claims and is devoid of any specific factual allegations sufficient to state any of these claims individually or in the alternative.

      *1.*      ***Breach of Contract.***     The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Mahavier v. PNC Bank, Nat'l Ass'n*, No. SA-13-CA-704-FB, 2013 WL 12090035, at *2 (W.D. Tex. Sept. 17, 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.)). The Complaint alleges that "Plaintiffs bring this cause of action on the basis that they each had a valid and enforceable contract with Defendants for compensation at their promised hourly rates in exchange for the performance of work on behalf of Defendants" and "Plaintiffs performed under their contracts, and Defendants breached by failing to pay the compensation promised for all hours worked, causing Plaintiffs injury." (Compl. at ¶¶ 36–37).

       Plaintiffs fail to identify in the first instance what "valid and enforceable contract" they had with J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC, how they performed under any such contract, and how any of those entities breached any such contract. Moreover, as with their FLSA claim, Plaintiffs only allege the legal elements of a breach of contract claim against "Defendants" collectively. *See, e.g.*, *Bedgood v. Nissan N. Am., Inc.*, No. A-16-CA-00281-SS, 2016 WL 3566689, at *5 (W.D. Tex. June 24, 2016) ("Plaintiffs have failed to identify which provisions [of the contract] were breached or provide factual allegations about the terms of the contract Nissan allegedly breached. As a result, Plaintiffs' conclusory allegation that Nissan's 'actions and/or omissions . . . described herein above constitute breach of contract' is insufficient to state a claim for relief."); *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-CV-530-DAE, 2014 WL 12496571, at *3 (W.D.

Tex. Apr. 24, 2014) (dismissing breach of contract claim because it did not "explicitly state what contract was breached, how [defendant] specifically breached the contract, or what provision was violated" and was "nothing more than a threadbare recitation" of the elements of breach of contract claim "supported by mere conclusory statements").

      *2.*     ***Quantum Meruit.***     A quantum meruit claim under Texas law has four elements: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) the services were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances that reasonably notified the person sought to be charged that the plaintiff was expecting to be paid by the person sought to be charged. *Viper Telecom, LLC v. Lockheed Martin Corp.*, No. SA-10-CV-375-XR, 2010 WL 3056664, at *4 (W.D. Tex. July 30, 2010). The Complaint again makes only a formulaic and conclusory recitation of these elements, alleging that "Plaintiffs bring a cause of action on the basis that they provided valuable services for Defendants, who accepted the services and had reasonable notice that Plaintiffs expected compensation for all hours of services provided, but did not pay compensation for all hours worked." (Compl. at ¶ 38). Plaintiffs fail to provide sufficient factual allegations regarding the "valuable services" they provided for J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC or how those entities allegedly accepted those services. *See, e.g.*, *Provision Grp., Inc. v. Crown Toxicology, Ltd.*, No. 5:16-CV-1291-DAE, 2017 WL 11221433, at *4 (W.D. Tex. Oct. 19, 2017) ("the Court finds that the complaint alleges brief, cursory, and unsupported factual allegations, some couched as legal conclusions, which are insufficient to find that Plaintiff has stated a claim for quantum meruit").

      *3.*     ***Promissory Estoppel.***     The elements of a promissory estoppel claim under Texas law are: (1) a promise; (2) foreseeability by the promisor that the promise would rely on the promise; (3) substantial reliance by the promisee to his detriment; and (4) a definite finding that injustice can be

avoided only be enforcement of the promise. *Innova Hosp. San Antonio, LP v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 606 (N.D. Tex. 2014) (citing *G.D. Holdings, Inc. v. H.D.H. Land & Timber, LP*, 407 S.W.3d 856, 861 (Tex. App.—Tyler 2013, no pet.)). Plaintiffs allege, in a wholly conclusory manner, that "Plaintiffs bring a cause of action on the basis that Defendants promised to pay Plaintiffs for each hour worked, Plaintiffs foreseeably relied on those promises to their detriment, and injustice can be avoided by enforcing Defendants' promises." (Compl. at ¶ 39). These allegations are devoid of any well pled factual allegations specific to J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC, such as any promise made by any of these entities or substantial reliance by Plaintiffs on any such promise, and fall far short of satisfying Rule 8's pleading standard. *See, e.g.*, *Provision Grp., Inc.*, 2017 WL 11221433, at *5 (dismissing promissory estoppel claim because "[w]ithout contextual details, or factual explanations of the services agreed-upon and provided . . . the Court cannot find that a claim for unjust enrichment has been sufficiently plead because the complaint does not alleged how Defendants were 'unjustly enriched'"); *Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 12872329, at *3 (W.D. Tex. Dec. 17, 2014) (dismissing promissory estoppel claim in employment case because "[a]part from the description of the promise at issue, [plaintiff's] allegations amount to no more than conclusory recitations of the elements of a promissory estoppel claim" and were thus "wholly insufficient under the 12(b)(6) standard").

    *4.*    ***Money Had and Received.***    Finally, the elements of a money had and received claim under Texas law are: (1) the defendant holds money; and (2) the money in equity and good conscience belongs to the plaintiff. *Caretech Supplies, LLC v. Neuman*, No. W-17-CV-00223-RP, 2018 WL 2996911, at *5 (W.D. Tex. Apr. 18, 2018) (citing *Norhill Energy LLC v. McDaniel*, 517 S.W.3d 910, 917 (Tex. App.—Fort Worth 2017, pet. denied)). Plaintiffs again merely recite the elements of a money had and received claim against "Defendants" collectively, alleging that "in failing

to pay Plaintiffs for all of their hours worked, Defendants retained money that in equity and good conscience belonged to Plaintiffs." (Compl. at ¶ 40). Plaintiffs' Complaint contains no specific factual allegations to support their conclusion that J Berkman Restaurant LLC, PR Holdings LP, or PR Holdings GP, LLC received and are holding any specific amounts money that "in equity and good conscience" belongs to Plaintiffs. Accordingly, that claim must also be dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 676 (W.D. Tex. 2019) (dismissing money had and received claim that "merely recite[d]" the necessary elements and contained no factual allegations that "placed [plaintiff's] money in [defendant's] pocket"); *Parker v. JPMorgan Chase Bank*, No. A-14-CV-706-LY, 2014 WL 12490003, at *7 (W.D. Tex. Oct. 28, 2014), *report and recommendation approved sub nom. Parker v. JPMorgan Chase Bank, N.A.*, No. A-14-CV-706-LY, 2014 WL 12490004 (W.D. Tex. Nov. 24, 2014) (Yeakel, J.) (dismissing money had and received claim in part because "Plaintiffs have not identified any money presently being held by JPMorgan which belongs to Plaintiffs").

**D.  PLAINTIFFS' COMPLAINT FAILS TO PLAUSIBLY ALLEGE A WILLFUL VIOLATION OF THE FLSA AND THUS THEIR FLSA CLAIM IS SUBJECT TO THE STANDARD TWO-YEAR STATUTE OF LIMITATIONS.**

Finally, without providing any factual support whatsoever, Plaintiffs make the unadorned conclusory allegation that "Defendants' failure to pay Plaintiffs their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a)." (Compl. at ¶ 33). This conclusory allegation is insufficient to support a claim of willful violation of the FLSA. An employer willfully violates the FLSA only if it is alleged that it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Alawar v. Trican Well Serv., L.P.*, 397 F. Supp. 3d 873, 899 (W.D. Tex. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Allegations of willfulness under the FLSA are subject to the 12(b)(6) pleading standards of *Twombly* and *Iqbal*. *See Robinson v RWLS, LLC*, No. SA-16-CA-00201-OLG, 2016 WL 9308422, at *4–5 (W.D. Tex. Aug. 11, 2016), *report and recommendation approved sub nom. Robinson v. RWLS, LLC*, No. 5:16-CV-201-OLG-JWP, 2016 WL 9308525 (W.D. Tex. Sept. 16, 2016). Accordingly, "mere allegations that an employer acted willfully without any additional information are inadequate" to survive a Rule 12(b)(6) motion. *Kharb*, 2019 WL 1198399, at *4. That is all Plaintiffs' Complaint offers here. Specifically, the Complaint alleges that Defendants "regularly falsified the hours represented on Plaintiffs' pay stubs and willfully paid Plaintiffs for fewer hours than they actually worked." (Compl. at ¶ 20). However, Plaintiffs do not plead any allegations that Defendants "knew or showed reckless disregard" to whether its alleged conduct was prohibited by the FLSA. Moreover, Plaintiffs provide no factual basis or additional context to substantiate these conclusory allegations. Accordingly, Plaintiffs' willfulness claims should be dismissed and the Complaint limited to the FLSA's standard two-year statute of limitations. *See Robinson*, 2016 WL 9308422, at *5 (finding that plaintiff's conclusory allegations that defendants "knew or should have known their pay practices were in violation of the FLSA" and were "sophisticated parties" did not sufficiently plead a willful violation of the FLSA); *Kharb*, 2019 WL 1198399, at *3–4 (holding that plaintiff's claims were time-barred by FLSA's two-year statute of limitations because the complaint failed to state a plausible claim for a willful violation of the FLSA extending the limitations period to three years).

Plaintiffs filed their Complaint on July 23, 2021. (Dkt. # 1). FLSA claims for inadequate overtime payments accrue at each regular payday that the plaintiff was allegedly not compensated in accordance with the law. *Zannikos v. Oil inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (citing 29 U.S.C. § 255(a)). Thus, Plaintiffs' claims for overtime pay for pay periods prior to July 23, 2019 are time-barred and subject to dismissal.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, J Berkman Restaurant LLC, PR Holdings LP, and PR Holdings GP, LLC respectfully request that the Court dismiss Plaintiffs' Complaint as to them pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Dated: August 31, 2021**

By:   */s/Ashlee Cassman Grant*
 Ashlee Cassman Grant
 Texas Bar No. 24082791
 Federal ID No. 1607786
 **BAKER & HOSTETLER LLP**
 811 Main Street, Suite 1100
 Houston, Texas 77002
 Phone: (713) 646-1316
 Fax: (713) 751-1717
 agrant@bakerlaw.com

 **ATTORNEY FOR DEFENDANTS J BERKMAN RESTAURANT LLC, PR HOLDINGS LP AND PR HOLDINGS GP, LLC**

### <u>CERTIFICATE OF SERVICE</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on August 31, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice of this filing to the following:

Anna Bocchini
Christopher J. Willett
Equal Justice Center
314 E. Highland Mall Blvd., Ste 401
Austin, Texas 78752

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant